**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TEXAS LFP, LLC,** | ) |
| Plaintiff, | ) ) |
| v. | ) Civ. Action No._____ |
| **CIES INC.,** | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

**TEXAS LFP, LLC'S ORIGINAL COMPLAINT FOR
PATENT INFRINGEMENT**

Plaintiff Texas LFP, LLC ("Texas LFP"), by counsel, files this Original Complaint for Patent Infringement against Defendant CiES Inc. ("CiES"), and in support thereof, states as follows:

## I.  THE PARTIES

1. Plaintiff Texas LFP, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business at 11616 Harry Hines Blvd., Dallas, Texas 75229.

2. Upon information and belief, Defendant CiES Inc. is a corporation organized under the laws of the State of Oregon with its principal place of business at 1375 SE Wilson Ave., Suite 150, Bend, Oregon 97702. Although CiES is doing business in Texas, it has not designated a registered agent for service of process in Texas. Upon information and belief, CiES may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process, Scott Philiben, 791 NW Trenton, Bend, Oregon 97702.

## II.     JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 101, *et seq.*

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over CiES because CiES: (a) has conducted and continues to conduct business in the State of Texas and within the Northern District of Texas; (b) has committed and continues to commit tortious acts both inside and outside Texas that have caused harm in the State of Texas and within the Northern District of Texas; and (c) has committed and continues to commit acts of patent infringement in the State of Texas and within the Northern District of Texas (and elsewhere in the United States).  Upon information and belief, CiES (directly and/or through third parties) manufactures or assembles products that have been and are offered for sale, sold, purchased, and/or used in the State of Texas and within the Northern District of Texas that fall within one or more claims of the patents-in-suit described below.  Upon information and belief, CiES (directly and/or through third parties) develops, distributes, offers for sale, sells, advertises, and/or markets infringing products in the State of Texas and within the Northern District of Texas.  Upon information and belief, CiES currently is marketing and selling its infringing products to customers in the State of Texas and within the Northern District of Texas through its website (www.ciescorp.net).  Upon information and belief, CiES (directly and/or through third parties) regularly places infringing products in the stream of commerce with the knowledge and/or understanding that such products will be sold in the State of Texas and within the Northern District of Texas.  Upon information and belief, CiES has commercial relationships with various entities in the State of Texas.  Upon information and

belief, CiES has purposefully and voluntarily sold one or more infringing products with the expectation that they will be purchased by customers in the State of Texas and within the Northern District of Texas.  Upon information and belief, CiES's infringing products have been and continue to be purchased by customers in the State of Texas and within the Northern District of Texas.  Plaintiff Texas LFP's patent infringement claims arise from CiES's infringing activities in the State of Texas and within the Northern District of Texas, as well as throughout the United States, which have caused substantial harm to Texas LFP.  In sum, CiES's conduct and connections with the State of Texas and within the Northern District of Texas are purposeful and such that it must have reasonably foreseen that it would be sued in Texas by the owner of the patents-in-suit.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391, as well as under 28 U.S.C. § 1400(b).

### III.   THE PATENTS-IN-SUIT

7. Plaintiff Texas LFP is the owner of United States Patent No. 9,116,030 entitled "Liquid Level Transducer with Isolated Sensors" ("the '030 Patent").  The named inventors of the '030 Patent – Gagik Farmanyan (Plano, TX) and Jorge Manuel Prieto (Garland, TX) – were and continue to be employees of Rochester Gauges and invented the claimed subject matter of the '030 Patent as part of their job duties.

8. On August 25, 2015, the USPTO duly and legally issued the '030 Patent.

9. A copy of the '030 Patent is attached as Exhibit A.

10. Plaintiff Texas LFP is the owner of United States Patent No. 8,567,244 entitled "Liquid Level Transducer with Isolated Sensors" ("the '244 Patent").  The named inventors of the '244 Patent – Gagik Farmanyan (Plano, TX) and Jorge Manuel Prieto (Garland, TX) – were

and continue to be employees of Rochester Gauges and invented the claimed subject matter of the '244 Patent as part of their job duties. The '244 Patent matured from a patent application that was filed as a continuation-in-part of the patent application that matured into the '030 Patent.

11. On October 29, 2013, the USPTO duly and legally issued the '244 Patent.

12. A copy of the '244 Patent is attached as Exhibit B.

13. Any required maintenance fees have been paid for both the '030 Patent and the '244 Patent (collectively referred to as the "Patents-in-Suit"), and the Patents-in-Suit have not expired. Texas LFP is the owner by assignment of the entire right, title and interest in both of the Patents-in-Suit, including the right to recover damages for infringement.

14. All claims of the Patents-in-Suit are valid and enforceable. Plaintiff Texas LFP and its predecessors in interest have complied with the marking requirements of 35 U.S.C. § 287(a).

## IV. FACTUAL ALLEGATIONS

15. Plaintiff Texas LFP is a family-owned entity that wholly owns and operates Rochester Gauges, Inc. ("Rochester Gauges"). Rochester Gauges manufactures and sells liquid level gauges that are used in a wide variety of industries and applications, including but not limited to agricultural, aircraft, automotive, industrial, marine, locomotive, refrigeration, and others (see, e.g., http://www.rochestergauges.com/pages/products.html). The history of Rochester Gauges dates back to 1913 in Rochester, New York, when the company (then known as Rochester Manufacturing) manufactured its first liquid level gauge. In 1958, Gas Equipment Co., Inc., a distributor for Rochester Manufacturing, purchased Rochester Manufacturing's propane gauge line, moved the company to Dallas, Texas, and renaming the company Rochester Gauges. After experiencing great success with the propane gauge line, Rochester Gauges

expanded and acquired the remaining product lines from Rochester Manufacturing. Today, Rochester Gauges is a multi-national company headquartered in Dallas, Texas, with manufacturing facilities in Dallas, Texas; Mexico City, Mexico; Brussels, Belgium; and Wuxi, China.

16.     Rochester Gauges' lines of products include liquid level gauges, liquid level senders, liquid level switches, aircraft fuel and engine instrumentation, diaphragm temperature senders, pressure indicators, and flow indicators, among others. As emphasized by Rochester Gauges' long-time slogan – "Always Innovating, Never Imitating" – Rochester Gauges has always prided itself on the innovative excellence of its entire team. The result is that many features of gauges in today's market can be attributed to innovations developed by the Rochester Gauges team (see, e.g., http://www.rochestergauges.com/pages/history.html).

17.     As noted, one innovative line of products designed, manufactured, and sold by Rochester Gauges is the Fuel Level Sender (with and without Adjustable Float Arm). Following is a representative image of Rochester Gauges' Fuel Level Sender product:



This line of Fuel Level Sender products was launched in Fall 2012. Rochester Gauges' Fuel Level Sender products practice one or more claims of the Patents-in-Suit.

18.     Generally speaking, Plaintiff's Fuel Level Sender product is a transducer for determining the level of liquid within a container. The product includes a sensor assembly (with at least one sensor element) adapted to extend into the container. A float rod is pivotally connected to the product and a float is connected to a distal end of the float rod. Accordingly, when a change in liquid level occurs in the container, the float changes position and causes the float rod to pivot. An actuator is operatively associated with the float rod such that the actuator pivots along with the float rod. The actuator, in turn, causes at least one of the sensor elements to change an electrical state as the actuator pivots, thus indicating a level condition of the liquid within the container.

19.     Upon information and belief, in approximately April 2012, Defendant CiES purchased from International Avionics, Inc., a corporation based in Addison, Texas, U.S. Patent No. 6,508,119 entitled "Liquid Level Measurement and Fuel Transducer Using Anisotropic Magnetoresistance Device" ("the '119 Patent"). The '119 Patent describes and claims a first generation version of a product known as the CiES Fuel Level Sender – this first generation version is not currently accused of infringing the Patents-in-Suit. Discovery will uncover whether this first generation version was actually manufactured, offered for sale, or sold by Defendant CiES or its predecessor-in-interest International Avionics. This first generation version claimed in the '119 Patent requires a sensor assembly that is located <u>outside</u> the liquid-holding container, as shown in Figure 3 of the '119 Patent and described in the Abstract as "[a] flange (60) is fastened to the inside of a tank (12) and the AMR device (38) on the outside of the tank (12)":



Upon information and belief, CiES recognized that locating the sensor assembly outside the container was disadvantageous and therefore affirmatively chose to design, manufacture, and sell a second generation Fuel Level Sender that infringes the Patents-in-Suit.

20. Upon information and belief, Defendant CiES subsequently began manufacturing, offering to sell, and selling a second generation of the product known as the CiES Fuel Level Sender – this second generation version is accused of infringing the Patents-in-Suit. Unlike the first generation version, this second generation version of CiES's Fuel Level Sender product includes a sensor assembly that extends into the liquid-holding container. Following is a representative image of the CiES Fuel Level Sender product accused of infringement:



21. Tellingly, Defendant CiES intentionally allowed the '119 Patent (which claims a sensor assembly located outside the liquid-holding container) to expire by failing to pay the maintenance fee that was due no later than January 21, 2015. CiES nevertheless continues to mark this second generation version of the CiES Fuel Level Sender as incorporating the claimed subject matter of the '119 Patent – notwithstanding the fact that the '119 Patent is expired and this second generation version no longer has a sensor assembly located outside the liquid-holding container.

## V.   COUNT I
### INFRINGEMENT OF THE '030 PATENT

22. Plaintiff Texas LFP re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff Texas LFP is the owner of the '030 Patent.

24. Defendant CiES makes, uses, sells, offers for sale, imports, supplies, and/or distributes within and from the United States products that fall within the scope of one or more claims of the '030 Patent (the "Accused Products"). Such products include, but may not be limited to, CiES's Fuel Level Sender. In addition, CiES provides these products to distributors, resellers, developers, and/or users.

25. Defendant CiES has been and is now directly infringing the '030 Patent in the Northern District of Texas and elsewhere within the United States by making, using, offering for sale, selling, importing, supplying, and/or distributing the Accused Products in violation of 35 U.S.C. § 271(a).

26. Upon information and belief, Defendant CiES had prior knowledge of the '030 Patent.

27. Upon information and belief, Defendant CiES has engaged in its infringing activities in willful and conscious disregard of Plaintiff Texas LFP's patent rights, including the '030 Patent. Defendant CiES's infringement has been and continues to be willful.

28. Plaintiff Texas LFP has been, and continues to be, damaged and irreparably harmed by Defendant CiES's infringement, which will continue unless Defendant CiES is enjoined by this Court. Plaintiff Texas LFP has no adequate remedy at law to redress Defendant CiES's continuing acts of infringement. The hardships that would be imposed upon Defendant CiES by an injunction are less than those faced by Plaintiff Texas LFP should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

29. As a result of Defendant CiES's acts of infringement, Plaintiff Texas LFP has suffered and will continue to suffer monetary damages in an amount to be proved at trial.

## VI.    COUNT II
## INFRINGEMENT OF THE '244 PATENT

30.     Plaintiff Texas LFP re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

31.     Plaintiff Texas LFP is the owner of the '244 Patent.

32.     Defendant CiES makes, uses, sells, offers for sale, imports, supplies, and/or distributes within and from the United States products that fall within the scope of one or more claims of the '244 Patent (the "Accused Products").  Such products include, but may not be limited to, CiES's Fuel Level Sender.  In addition, CiES provides these products to distributors, resellers, developers, and/or users.

33.     Defendant CiES has been and is now directly infringing the '244 Patent in the Northern District of Texas and elsewhere within the United States by making, using, offering for sale, selling, importing, supplying, and/or distributing the Accused Products in violation of 35 U.S.C. § 271(a).

34.     Upon information and belief, Defendant CiES had prior knowledge of the '244 Patent.

35.     Upon information and belief, Defendant CiES has engaged in its infringing activities in willful and conscious disregard of Plaintiff Texas LFP's patent rights, including the '244 Patent.  Defendant CiES's infringement has been and continues to be willful.

36.     Plaintiff Texas LFP has been, and continues to be, damaged and irreparably harmed by Defendant CiES's infringement, which will continue unless Defendant CiES is enjoined by this Court.  Plaintiff Texas LFP has no adequate remedy at law to redress Defendant CiES's continuing acts of infringement.  The hardships that would be imposed upon Defendant

CiES by an injunction are less than those faced by Plaintiff Texas LFP should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

37. As a result of Defendant CiES's acts of infringement, Plaintiff Texas LFP has suffered and will continue to suffer monetary damages in an amount to be proved at trial.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Texas LFP respectfully requests the following relief against Defendant CiES:

A. A judgment that the '030 Patent is duly and legally issued, valid, and enforceable;

B. A judgment holding Defendants liable for infringement of the '030 Patent;

C. A temporary restraining order, preliminary injunction, and permanent injunction against Defendant CiES, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with CiES, enjoining it from continued acts of infringement of the '030 Patent, including without limitation, an injunction against offers for sale and future sales of the infringing products, or otherwise infringing or contributing to or inducing infringement of the '030 Patent;

D. An accounting for damages and an award of compensatory damages resulting from Defendant CiES's infringement of the '030 Patent, together with pre-judgment and post-judgment interest;

E. A judgment holding that Defendant CiES's infringement of the '030 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

F. A judgment that the '244 Patent is duly and legally issued, valid, and enforceable;

G. A judgment holding Defendants liable for infringement of the '244 Patent;

H.	A temporary restraining order, preliminary injunction, and permanent injunction against Defendant CiES, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with CiES, enjoining it from continued acts of infringement of the '244 Patent, including without limitation, an injunction against offers for sale and future sales of the infringing products, or otherwise infringing or contributing to or inducing infringement of the '244 Patent;

I.	An accounting for damages and an award of compensatory damages resulting from Defendant CiES's infringement of the '244 Patent, together with pre-judgment and post-judgment interest;

J.	A judgment holding that Defendant CiES's infringement of the '244 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

K.	A judgment holding that this action is an exceptional case and an award to Plaintiff Texas LFP for its attorney's fees and costs pursuant to 35 U.S.C. § 285 and other authority;

L.	A judgment that Plaintiff Texas LFP be awarded its costs incurred herein; and

M.	Such other relief as the Court deems just and equitable.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Texas LFP hereby demands trial by jury.

Dated: October 20, 2015

         Respectfully submitted,
         **FERGUSON BRASWELL & FRASER, P.C.**

         */s/ Kelly J. Kubasta*
         **Kelly J. Kubasta**
         Texas Bar No. 24002430
         **James E. Davis**
         Texas Bar No. 05504200

         2500 Dallas Parkway, Suite 501
         Plano, Texas 75093
         Phone: 972-378-9111
         Fax:   972-378-9115
         kkubasta@dallasbusinesslaw.com
         jdavis@dallasbusinesslaw.com

         *COUNSEL FOR PLAINTIFF*
         *TEXAS LFP, LLC*